IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIN BELIS,

      Plaintiff,

  v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

      Defendant.
_____/

No.  CIV.S-04-2251 DAD

ORDER

     This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and/or remand and defendant's cross-motion for summary judgment.  For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

**PROCEDURAL BACKGROUND**

     Plaintiff Marin Alberto Belis applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act").  (Transcript ("Tr.") at 63-65.)  The Commissioner denied

1

plaintiff's application initially and on reconsideration.  (Tr. at 44-47, 50-54.)  Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on September 17, 2002, at which time plaintiff was represented by counsel.  (Tr. at 330-51.) In a decision issued in February, 2003, the ALJ determined that plaintiff was not disabled.  (Tr. at 59.)  The Appeals Council granted plaintiff's request for review of that decision and remanded the matter for further proceedings on June 6, 2003.  (Tr. at 58-60.)

         A second hearing was held before the ALJ on November 12, 2003, at which time plaintiff was represented by the same counsel. (Tr. at 352-91.)  In a decision issued on January 29, 2004, the ALJ again determined that plaintiff was not disabled.  (Tr. at 16-25.) The ALJ entered the following findings:

> 1. The claimant did not engage in substantial gainful activity after November 1, 1999.
>
> 2. The medical evidence establishes that the claimant has a healed fracture of the right shoulder, arthritis, and a depressive disorder, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.
>
> 3. The claimant's subjective complaints are partially, but not fully, credible and not supported by the evidence of record.
>
> 4. The claimant can sit for 6 hours, and stand or walk for 6 hours, in an 8 hour day.  The claimant can lift 40 pounds occasionally and 40 pounds frequently. The claimant can climb ropes and scaffolds on [an occasional] basis. The claimant can occasionally reach

>    over his head with his right arm, but cannot lift over 10 pounds over his shoulder. The claimant is limited to unskilled work.
>
> 5. The claimant is 52 years old and cannot perform his past relevant work. The claimant has a 12th grade education (20 CFR 404.1565).
>
> 6. The framework of Medical Vocational Rule 202.14, Appendix 1, Subpart P, Regulations No. 4, directs that the claimant is not disabled, as there are a significant number of jobs that he can perform. Examples of these jobs are inserter and sorter.
>
> 7. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision.

(Tr. at 24-25.) The Appeals Council declined review of the ALJ's decision on August 28, 2004. (Tr. at 5-8.) Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on October 22, 2004.

## LEGAL STANDARD

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion. Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)(citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an

4

|   |   |
|---|---|
| 1 | impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is conclusively presumed disabled.  If not, proceed to step four. |

          Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

          Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

      In his motion for summary judgment, plaintiff argues that the ALJ failed to consider the opinion of Donald R. Walk, M.D., the nonexamining state agency psychiatrist who considered plaintiff's case.  (Tr. at 221-37.)  Plaintiff claims that if Dr. Walk's opinion were credited by the ALJ, plaintiff's nonexertional limitations set forth therein would eliminate those jobs identified by the vocational expert at the administrative hearing as jobs plaintiff was capable of performing.  Therefore, plaintiff argues that this matter should be reversed and remanded for further consideration of the nonexamining state agency psychiatrist's opinion.  Plaintiff's argument is unpersuasive.

/////

1           As an initial matter, the court notes that the opinion of a
2 non-examining state agency physician, such as Dr. Walk, is entitled
3 to less weight than the opinions of those physicians that treat or
4 examine social security claimants.  See Lester, 81 F.3d at 830-31.
5 Next, it is undisputed that the ALJ did not specifically assess the
6 extent to which she was persuaded by the opinion of Dr. Walk.
7 Nonetheless, an ALJ is not required to expressly mention each and
8 every medical document within the administrative record.  See Vincent
9 v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984)("The Secretary,
10 however, need not discuss *all* evidence presented to her.  Rather, she
11 must explain why "significant probative evidence has been
12 rejected.").
13           Plaintiff's position with respect to the impact of Dr.
14 Walk's opinion also lacks support in the record.  Dr. Walk considered
15 plaintiff's file on November 13, 2001, and he rendered the following
16 functional capacity assessment:

> Understanding and memory are adequate for simple
> instructions but impaired for detailed due to
> Borderline Intellectual Functioning.  Depression
> with irritability will reduce public and peer
> social interaction.  He can adapt to competitive
> employment.

21 (Tr. at 237.)  While the court recognizes that it is not up to Dr.
22 Walk to make the ultimate decision with respect to plaintiff's
23 disability status, it is important to recognize that Dr. Walk found
24 plaintiff capable of working as a general matter.
25           Moreover, the vocational expert testified at the hearing
26 that a person with the same age, education, work experience and

exertional limitations as plaintiff could perform the jobs of escort driver; ticket taker; parking lot attendant; inserter; and potato chip sorter.  (Tr. at 370-74.)  When the issue of Dr. Walk's functional capacity assessment arose, the ALJ further questioned the vocational expert.  In this vein, the ALJ nearly parroted the limitations assessed by Dr. Walk in asking the vocational expert which jobs would remain available if plaintiff were subject to the nonexertional limitations assessed by Dr. Walk.  The specific question posed by the ALJ in this regard was as follows:

> Okay.  He would have reduced public contact and peer social interactions, in other words, it would be limited.  It would be reduced.  So, it's not saying he can't have any contact, but he should be reduced because of his irritability.  Would that interfere with his abilities to do other work?

(Tr. at 380.)  In response, the vocational expert testified that such additional limitations would preclude the jobs of ticket taker and parking lot attendant, but not those as an escort driver, potato chip sorter or inserter.  (Tr. at 380-81.)

Thus, while the ALJ did not discuss the form completed by Dr. Walk at length in her decision, her questioning of the vocational expert clearly demonstrated that she considered Dr. Walk's functional capacity assessment.  Moreover, the vocational expert identified three jobs which plaintiff could perform even when the limitations assessed by Dr. Walk were taken into account.  The ALJ accurately observed as much in her decision:

> The Administrative law Judge notes that the representative argued that the claimant's ability to interact with others is limited.  However, the

7

>             vocational expert stated that an individual can
>             perform the [jobs of inserter and potato chip
>             sorter] even if his ability to interact with
>             others was moderately impaired.

(Tr. at 24.)

For these reasons, to the extent the ALJ arguably erred in not discussing Dr. Walk's assessment in more detail, any error was harmless. See Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1990); Booz v. Sec'y of Health & Human Servs., 734 F.2d 1378, 1380 (9th Cir. 1984).

Finally, in his motion, plaintiff chooses to focus not on Dr. Walk's narrative functional capacity assessment set forth above, but on certain boxes checked by Dr. Walk on the residual functional capacity assessment form. Plaintiff emphasizes that Dr. Walk checked the box indicating that plaintiff is moderately impaired in "[t]he ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes." (Tr. at 236.) Plaintiff focuses on this bit of information based on the vocational expert's testimony that the jobs of inserter and potato chip sorter would be precluded[1] if plaintiff were moderately limited in his ability to get along with coworkers without distracting them. (Tr. at 384-85.) The box checked by Dr. Walk would appear to indicate that plaintiff is moderately limited in his ability to get along with co-workers without distracting them. However, as the ALJ recognized, there is

---

[1] To be precise, the vocational expert answered in the affirmative questions that asked if such a limitation would "perhaps preclude" the position of potato chip sorter and "might well" preclude the position of inserter. (Tr. at 384-85.)

8

scant other evidence in the record which would support such a finding. (Tr. at 387-88.) Moreover, the more detailed narrative conclusion of Dr. Walk incorporates no such limitation and simply indicates that plaintiff's depression with irritability "will reduce public and peer social interaction." (Tr. at 237.) That limitation, according to the vocational expert, does not preclude plaintiff from performing three of the five jobs identified at the hearing. (Tr. at 380-81.)

For these reasons, the court finds the ALJ properly discharged her responsibilities of determining credibility and resolving any conflicts or ambiguities in the medical testimony. See Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment and/or remand is denied;

2. Defendant's cross-motion for summary judgment is granted; and

3. The decision of the Commissioner of Social Security is affirmed.

DATED: March 7, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.socsec\bellis2251.order